CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RHJ
JAN 09 2015
JULIA C. DUDLEY, CLERK
BY: HMcDonoca
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DAVID A. BROWN, <br> Petitioner, | Civil Action No. 7:14-cv-00224 |
| v. | MEMORANDUM OPINION |
| LARRY T. EDMONDS, <br> Respondent. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

David A. Brown, a Virginia inmate proceeding pro se, timely filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge his criminal judgment entered by the Circuit Court of the City of Charlottesville ("circuit court"). Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant Respondent's motion to dismiss.

Petitioner was charged with distribution of cocaine, second or subsequent offense, in violation of Virginia Code § 18.2-248; possession of a firearm after having been convicted of a felony, in violation of Virginia Code § 18.2-308.2; and possession of a firearm while in possession of cocaine with the intent to distribute, in violation of Virginia Code § 18.2-308.4. Petitioner filed a pretrial motion to suppress the evidence discovered in a search incident to his arrest, arguing the police lacked probable cause to arrest him. The circuit court denied the motion after hearing testimony and argument. During the bench trial, Petitioner asked the circuit court to reconsider its ruling on the motion, and the circuit court again heard argument and denied the request. Petitioner was ultimately convicted of the three charged offenses and sentenced to, inter alia, an active sentence of ten years' incarceration.

Petitioner appealed to the Court of Appeals of Virginia, raising one claim that the trial court erred by denying the motion to suppress because the police lacked probable cause to arrest

him and to conduct a search incident to that arrest. The Court of Appeals of Virginia denied Petitioner's appeal on the merits, finding sufficient probable cause to arrest Petitioner. Brown v. Commonwealth, No. 2065-12-2, slip op. at (Va. Ct. App. June 21, 2013). The Supreme Court of Virginia Court refused an appeal of that decision, and Petitioner presents the same suppression issue in the instant federal petition.

The petition must be dismissed as barred by Stone v. Powell, 428 U.S. 465, 494 (1976), which held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." A federal court may not re-examine a state court's determination that no Fourth Amendment violation occurred, or that Fourth Amendment violation did occur but was harmless, unless it determines that the state did not provide the petitioner an opportunity for full and fair litigation of that claim. Hughes v. Dretke, 412 F.3d 582 (5th Cir. 2005).

Petitioner argued in state court that the arrest violated his Fourth Amendment rights, citing Illinois v. Gates, 462 U.S. 213 (1983), Davenpeck v. Alford, 543 U.S. 146 (2004), and Virginia cases applying the search and seizure standards established by the United States Supreme Court's Fourth Amendment precedents. The Court of Appeals of Virginia applied those same standards, expressly relying on the delineation of probable cause for Fourth Amendment purposes set forth in Maryland v. Pringle, 40 U.S. 366, 371 (2003), Illinois v. Gates, 462 U.S. 213, 235 (1983), Brinegar v. United States, 338 U.S. 160, 175-76 (1949), and Carroll v. United States, 267 U.S. 132, 162 (1925).

2

Because Virginia provided Petitioner with opportunities to raise his Fourth Amendment claims at trial and on appeal, I may not inquire further into the merits of the Fourth Amendment claim unless Petitioner "alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired." Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir. 1978). Petitioner's argument that the opportunity was impaired because the circuit court resolved questions of facts adversely to him is insufficient to overcome the Stone bar, and Petitioner fails to establish by clear and convincing evidence that the circuit court unreasonably determined any fact when denying the motion to suppress. See 28 U.S.C. § 2254(d)(2). Accordingly, Stone precludes habeas relief based on the presented claim, and the petition must be dismissed. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.[1]

ENTER: This 9th day of January, 2015.

Senior United States District Judge

---

[1] Respondent's motion to substitute Petitioner's present physical custodian as the respondent is granted, pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 451 (2004), and Rules 17, 19, and 21 of the Federal Rules of Civil Procedure.

3